UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALFRED HINES, JR.,

      Plaintiff,

v.                                        CASE NO. 3:14-cv-899-J-34JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits. A hearing was held before the assigned Administrative Law Judge ("ALJ") on September 12, 2012, at which Plaintiff was represented by an attorney. (Tr. 72–107.) In a decision dated November 28, 2012, the ALJ found that Plaintiff had not been under a disability from March 11, 2009 through the date of the decision. (Tr. 52–66.)

In reaching her decision, the ALJ found that Plaintiff had the severe

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

impairments of "small hand joint osteoarthritis, chronic pain associated with multiple arthritis of the shoulder, knees, wrists, and ankles, depression, and a history of alcohol and drug abuse." (Tr. 54.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform "less than the full range of light work" with additional restrictions, including changing positions every hour and performing only "routine, uncomplicated tasks, and a non-production rate pace." (Tr. 57.)

Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.[2]

## I.  Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th

---

[2] Although Plaintiff requests oral argument (Doc. 17 at 1), the undersigned recommends that oral argument is unnecessary.

Cir. 2002).

**II. Analysis**

Plaintiff raises one issue on appeal, which he frames as follows:

> Whether ALJ Martin's decision is obviously not supported by substantial evidence because no reasonable person would believe, after considering the combined effects of Plaintiff Hines' multiple mental illnesses and physical illnesses, that the Plaintiff is capable of maintaining full time employment.

(Doc. 17 at 1.)

In support of this argument, Plaintiff states:

> In this matter Plaintiff Hines has been diagnosed with: unspecified idiopathic peripheral neuropathy, pain in joint involving hand, atypical chest pain, pain in joint involving ankle and foot, diverticulosis, mitral valve disorders, pain in joint involving shoulder region, alcohol dependence and a depressive disorder, nos.[3]

*Id.* at 7. Aside from this argument, Plaintiff raises no specific issues with the ALJ's decision.

The undersigned recommends that Plaintiff's argument be rejected. Throughout the decision, the ALJ recognized that she had to consider all of Plaintiff's impairments in combination in determining disability. For example, the ALJ noted that, at step two of the sequential evaluation process, she had to determine whether Plaintiff had a medically determinable impairment or

---

[3] Despite the Court's instruction in its Scheduling Order that the "parties' contentions must be supported by specific reference to the pages of the record relied upon," no such citations are provided to support this statement. (Doc. 16 at 1.) Nevertheless, the undersigned will assume that there is record support for this statement.

3

"combination of impairments" that was "severe." (Tr. 53.) She noted that, at step three, she had to determine whether Plaintiff's impairments or "combination of impairments" satisfied a listing. (Tr. 53.) In determining Plaintiff's RFC, she noted that she had to consider all of Plaintiff's impairments, including those that were not severe. (Tr. 53.)

There is no indication in the ALJ's decision that she did not consider the combined effects of all of Plaintiff's impairments. Plaintiff does not show otherwise. Instead, Plaintiff argues only that his list of diagnoses conclusively established his disability. However, mere diagnoses do not establish disability. *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) ("[A] diagnosis or a mere showing of a deviation from purely medical standards of bodily perfection or normality is insufficient [to prove disability]; instead, the claimant must show the effect of the impairment on her ability to work.") (quotations omitted). Therefore, the undersigned recommends that Plaintiff has not shown any error in the ALJ's decision.

### III.   Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the undersigned respectfully recommends that

the ALJ's decision be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 23, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

5